UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Manzoor Qadar<br><br>    *Petitioner*,<br><br>– against –<br><br>United States,<br><br>    *Respondent*. | 00-CR-603<br>16-CV-3593<br><br>**Not for Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

  Following a 2002 jury trial, Manzoor Qadar was convicted of: (1) conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 1958; (2) murder-for-hire in violation of § 1958; and (3) use of a firearm in relation to a crime of violence, in violation of § 924(c)(1)(A). Qadar brings this motion to vacate his § 924(c) charge on grounds that the predicate offenses do not categorically meet the definition of a crimes of violence for purposes of § 924(c) after the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019) vacated part of the statute. I agree with Qadar that neither conspiracy to commit murder-for-hire nor murder-for-hire meet the remaining statutory definition of a crime of violence, and therefore grant his motion to vacate his § 924(c) conviction. I note that this order does not affect Qadar's actual period of incarceration, as it only strikes the five year sentence imposed for the § 924(c) offense, and does not alter the two life sentences imposed for the § 1958 offenses.

  In *United States v. Johnson*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the portion of the Armed Career Criminal Act defining the term "violent felony" to include "any conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Id.* at 2557–60 (citing § 924(e)(2)(B)(ii)). *Johnson* led to litigation on similar statutory

1

definitions, including the statute at issue in this case, § 924(c)(3). Section 924(c) authorizes a five-year mandatory minimum sentence for:

> [A]ny person who, during and in relation to any crime of violence…for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence…

§ 924(c)(1)(A)(i). For purposes of this subsection, a "crime of violence" is defined as:

> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense

§ 924(c)(3).

The Second Circuit initially found that § 924(c)(3)(B) required a different type of analysis than § 924(e)(2)(B)(ii), and therefore it was not similarly void for vagueness. *United States v. Barrett*, 903 F.3d 166, 178 (2d Cir. 2018), *vacated*, 139 S. Ct. 2774 (2019) (Mem.), *and abrogated by United States v. Davis*, 139 S. Ct. 2319 (2019). However, the Supreme Court rejected *Barrett*'s analysis in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that § 924(c)(3)(B) was unconstitutionally vague. *Davis* did not affect the § 924(c)(3)(B) ("the Force Clause").

Thus, an offense continues to serve as a valid predicate for a § 924(c) conviction only if it categorically meets the definition of the Force Clause. *See United States v. Barrett* ("*Barrett II*"), 937 F.3d 126, 128 (2d Cir. 2019). This categorical approach requires the court to consider "the intrinsic nature" of the charged predicate offense, rather than the "circumstances of a particular crime." U*nited States v. Ivezaj*, 568 F.3d 88, 95 (2d Cir.2009).

In this case, the jury was instructed that Qadar was charged with two offenses which could serve as predicates for a § 924(c) conviction: a conspiracy to commit § 1958 murder-for-hire and a substantive § 1958 murder-for-hire charge. *Davis* establishes that a conspiracy does not constitute a crime of violence. *See Barrett II*, 937 F.3d at 127. There is no Second Circuit holding addressing whether § 1958 murder-for-hire is a crime of violence. The statute reads as follows:

> Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

18 U.S.C. § 1958(a).

The name of this offense, "murder-for-hire," would tend to suggest that it is a crime involving physical force. However, upon closer examination of the statutory language, § 1958 does not apply to the act of murder itself, but rather to one of four actions, undertaken with the intent that a murder be committed. *Id.* The four actions, all of which are plainly nonviolent and do not involve the use of force, are: (1) traveling in interstate or foreign commerce: (2) causing another to travel in interstate or foreign commerce; (3) using the mail or any facility of interstate or foreign commerce; and (4) causing another to use the mail or any facility of foreign commerce. *Id.*; *see also United States v. Boman*, 873 F.3d 1035, 1042 (8th Cir. 2017); *United States v. Herr*, No. 16-CR-10038-IT, 2016 WL 6090714, at *4 (D. Mass. Oct. 18, 2016); *Dota v. United States*, 368 F. Supp. 3d 1354, 1360 (C.D. Cal. 2018), *appeal dismissed*, No. 18-56624, 2019 WL 6769441 (9th Cir. Aug. 26, 2019). One district court in this circuit concluded in dicta that murder-for-hire is a crime of violence, but that decision does not include any analysis of the § 1958 because the

court concluded that the claim was procedurally barred. *See United States v. Key*, No. 12-CR-712-1 (SHS), 2019 WL 2314693, at *8 (S.D.N.Y. May 31, 2019). Thus, the single sentence stating that murder-for-hire is a crime of violence is unpersuasive. *See id.*

The government highlights the fact that Qadar was convicted under the portion of § 1958 which requires that "death results." Govt. Br. 7, ECF No. 124. At least one court has explicitly stated that § 1958 is indivisible, meaning that I cannot isolate one portion of the statute to consider separately. *Herr*, 2016 WL 6090714, at *4. However, even assuming the statute was divisible, the requirement that "death results" does not change the act of traveling or using the mail into an act involving physical force. The criminalized conduct itself is not violent, and its connection to a person's death may be attenuated. This is very different from a murder statute such as § 1959, which applies when a person "murders, kidnaps, maims, assaults with a dangerous weapon, commits assault." Under that statute, a person must be convicted of murder itself, a crime inherently involving physical force. The act of traveling and using the mail with an intent to murder does not inherently involve physical force, and thus does not meet the definition of a crime of violence so as to sustain a § 924(c).

Accordingly, Qadar's motion to vacate his § 924(c) conviction is GRANTED.

Petitioner's conviction on Count 3, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), is HEREBY VACATED.

The Judgment is AMENDED to STRIKE the sentence imposed as to count three, specifically: "On count three, the def[endant] is sentenced to five years of imprisonment to run consecutively [to counts one and two]." Judgment 2, ECF No. 92. The sentence of two concurrent life sentences, *see id.*, is unaffected by this order.

So ordered.

4

                                                    ____/s/_____  
                                                    Allyne R. Ross  
                                                    United States District Judge

Dated:       June 24, 2020  
               Brooklyn, New York