UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Manzoor Qadar<br><br>     *Petitioner*,<br><br> – against –<br><br>United States,<br><br>     *Respondent*. | 00-CR-603<br>16-CV-3593<br><br>**Not for Publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

  On June 24, 2020, I granted Manzoor Qadar's motion to vacate his conviction under 18 U.S.C. § 924(c)(1)(A), use of a firearm in relation to a crime of violence. Order and Opinion, ECF No. 125. I amended the judgment to vacate the § 924(c)(1)(A) conviction and to strike the sentence imposed pursuant to that conviction. *Id* at 1. Qadar's two remaining convictions, conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 1958 and murder-for-hire in violation of § 1958 were unaffected by my ruling. *Id.* Those convictions carry mandatory life sentences. *See* § 1958(a). ("and if death results, shall be punished by death or life imprisonment[.]"). As there was no possibility of any change in Qadar's sentence, I declined to hold a resentencing hearing.

  I issued my order on the motion to vacate without having received any reply briefing from Qadar. Subsequently, Qadar requested an opportunity to submit reply briefing, which I granted. *See* ECF No. 129; July 10, 2020 Dkt. Entry. Qadar now argues that he is entitled to a resentencing hearing, and that the murder-for-hire charges should be dismissed because of a defect in the indictment. Pet.'s Reply, ECF No. 130. I find both arguments to be meritless, and affirm my prior decision to vacate the conviction and strike the sentence without holding a resentencing hearing.

1

Qadar argues that following the vacatur of one of his three convictions, he is entitled to a de novo sentencing on the two remaining counts of conviction. *Id.* 2–4. Such a resentencing is necessary only if the "'change[ ]" in the 'constellation of offenses of conviction' has 'altered' the 'factual mosaic related to those offenses.'" *United States v. Rigas*, 583 F.3d 108, 118–19 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1227–28 (2d Cir. 2002)) (alteration in original). "[I]f the facts relating to a count of conviction have not changed, 'no further proceeding as to that count is necessary, except to the extent it affects the aggregate sentence.'" *United States v. Weingarten*, 713 F.3d 704, 712 (2d Cir. 2013) (quoting *Rigas*, 583 F.3d at 119).

Here, vacatur of the § 924(c)(1)(A) conviction does nothing to alter the factual mosaic underlying Qadar's convictions on the murder-for-hire charges. I vacated the § 924(c)(1)(A) conviction on the grounds that murder-for-hire is not categorically a crime of violence. This has no bearing on the facts underlying the murder-for-hire convictions. There was no relationship between the sentences I imposed for the § 924(c)(1)(A) conviction and the murder-for-hire convictions. Rather, the sentences I imposed were mandatory statutory minimums. A de novo review would be futile. No other sentence is possible.

Qadar also raises a new argument that the two murder-for-hire charges must be dismissed because of a defect in the indictment. Pet.'s Reply, 5–8. Specifically, he argues that the indictment fails to allege a violation of § 1958(a) because it does not allege a state or federal law criminalizing murder. This claim is not supported by the record.

As to Count Two, murder-for-hire, the indictment states that Qadar acted "with the intent that the murder of Shaukat Perez, Rubina Malik Parvez and Ibrar Ahmed Parvez be committed in violation of Section 125.25 of the New York Penal Law…." Tr. 881:19–882:4 (quoting the indictment as part of the jury charge). Similarly, as to Count Three, conspiracy to commit murder for hire, the indictment stated that Qadar and others conspired to act "with the intent that the murder

of Shaukat Perez, Rubina Malik Parvez and Ibrar Ahmed Parvez be committed in violation of Section 125.25 of the New York Penal Law." *Id.* at 886:9–21. I instructed the jury that "Section 125.25 of the New York Penal Code provides in part that a person is guilty of murder when with the intent to cause the death of another, he causes the death of such person." *Id.* at 883:20–884:4. Thus, the indictment and jury instructions clearly alleged a state law criminalizing murder, and the defect Qadar claims is nonexistent.

For these reasons, I affirm my prior decision to decline to resentence Qadar.

SO ORDERED.

                                                                                  /s/
                                                      Allyne R. Ross
                                                      United States District Judge

Dated:        August 25, 2020
                Brooklyn, New York